## ARTHUR THORNTON *v.* JOHN THOMPSON AND R. B. THOMPSON.

ORAL TESTIMONY TO SHOW THAT LAND IS NOT SWAMP AND OVERFLOWED.—In an action to recover possession of land, where one of the parties claims the same by virtue of some right or title derived from the United States, and the other claims the same as a purchaser from the State'as swamp and overflowed land; the party claiming under the United States has a right to introduce oral testimony to show that the land is not swamp and overflowed.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

This was an action to recover possession of a tract of land in San Joaquin County.   On the trial it was admitted that plaintiff had been in possession of the land from 1854 up to March, 1863, and that he claimed the same under the pre-emption laws of the United States, and had complied with said laws, and that in March, 1863, he was forcibly ejected

from the premises by defendants, and that since that time defendants had been in possession ; that March 19th, 1863, defendant John Thompson received a certificate of purchase of the same from the State of California as swamp and overflowed land, and that the land was surveyed by the United States, and the plats returned to the Land Office on the 1st day of July, 1864, and by the survey and plats it appears that the land is swamp and overflowed.

Plaintiff then offered oral testimony to prove that the land was not swamp and overflowed within the true intent and meaning of the Act of Congress. Defendants' attorney objected to the evidence, and the Court sustained the objection.

Defendants recovered judgment, and plaintiff appealed.

*Tyler & Cobb,* for Appellant, cited *Kyle* v. *Tubbs,* 23 Cal. 442.

*T. A. Caldwell,* and *George Cadwalader,* for Respondents.

By the Court, SANDERSON, C. J.

The refusal of the Court to allow the plaintiff to prove by oral testimony that the land in controversy was not swamp and overflowed within the meaning of the Act of Congress ceding the swamp and overflowed lands within their borders to the several States, was error.   (*Kyle* v. *Tubbs,* 23 Cal. 432 ; *Kernan* v. *Griffith,* 27 Cal. 87.)

Judgment reversed and new trial ordered.